UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR WARREN,<br><br>        Petitioner,<br><br>    v.<br><br>STU SHERMAN, et al.,<br><br>        Defendants. | Case No.: 1:19-cv-01007-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION WITHOUT PREJUDICE<br><br>[10-DAY OBJECTION DEADLINE] |

Petitioner filed the instant petition for writ of habeas corpus on July 24, 2019. After conducting a preliminary review of the petition, on August 21, 2019, the Court found that the petition appeared to be unexhausted and the Petitioner may have filed the petition in the wrong court. (Doc. 5.) Accordingly, the Court ordered that Petitioner show cause as to why the petition should not be dismissed for failure to exhaust state remedies. (Doc. 5.)

On September 11, 2019, Petitioner filed a response in which he stated that he made a mistake in filing the petition in this Court and asked to "recall" the petition. (Doc. 6.) Accordingly, the Court will construe Petitioner's response as a request for voluntary dismissal. Respondent has not yet filed an answer to the petition.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, "the [petitioner] may dismiss an action without a court order by filing: a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Pursuant to Rule 12 of the Rules

Governing Section 2254 Cases, "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

In this case, Respondent has not yet filed an answer or other responsive pleading. Therefore, under Rule 41(a)(1), the petition must be dismissed without prejudice. The Court expresses no opinion with respect to the timeliness of the instant petition or any future petition. Nevertheless, Petitioner is advised that there is a one-year statute of limitations period governing the filing of federal habeas petitions which commences upon the conclusion of direct review. 28 U.S.C. § 2244(d). The statute may be tolled while Petitioner seeks relief in the state courts, see 28 U.S.C. § 2244(d)(2), but it is not tolled for the time a habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

**ORDER**

The Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition be dismissed without prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///
///
///
///
///

Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**October 8, 2019**__           __**/s/ Jennifer L. Thurston**__
                                                              UNITED STATES MAGISTRATE JUDGE